UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-24364

LATOYA LEWIS,

    Plaintiff,

V.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff, LATOYA LEWIS ("Plaintiff"), by and through the undersigned counsel, sues Defendant CARNIVAL CORPORATION, doing business as CARNIVAL CRUISE LINE ("Defendant" or "CARNIVAL"), and demands trial by jury, stating as follows:

**JURISDICTION, VENUE AND PARTIES**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs and attorney's fees.

2. This Court has original admiralty and maritime jurisdiction pursuant to 28 U.S.C.§1333 as the cause of action asserted are maritime torts.

3. Plaintiff is entitled to a jury trial pursuant to Leslie v. Carnival Corp., 22 So. 3d 561,562 (Fla. 3d DCA 2008).

4. Plaintiff is sui juris and is a resident and citizen of the State of Florida.

5. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION has done business under the fictitious name "CARNIVAL CRUISE LINE."

6. Defendant is a citizen of the State of Florida.

7. At all material times, the Defendant has had its principle place of business in Florida and in the District in which this complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193

8. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply. This includes providing the Defendant a timely written notice of claim as required by the ticket contract was sent to Defendant on or about June 30, 2020.

## FACTUAL ALLEGATIONS

10. At all times material hereto, the Defendant owned, operated, managed, maintained, and/or controlled the vessel, the "**Carnival Sensation.**"

11. At all material times, the Plaintiff was a fare paying passenger on Defendant's vessel, the **Carnival Sensation**, which was in navigable waters.

12. On February 24, 2020, while the Plaintiff was lawfully on board the **Carnival Sensation** as a fare paying passenger, she and her family traversed the ship's corridor, located on Deck 9, when they encountered Carnival crew members mopping the main marble walkway. The ship's crew redirected Plaintiff and her family to walk around the crew members who were mopping, to the end of the tables.

13. When Plaintiff and her family reached the end of the tables, Plaintiff proceeded to step back onto the marble floor and was caused to slip and fall as the marble at the end was also wet, thereby sustaining serious injuries, including a trimalleolar ankle fracture dislocation requiring major surgery.

14. Immediately following this accident, Plaintiff was attended to by the ship's medical staff at the scene of the fall and was brought on a stretcher to the medical center onboard the Carnival Sensation.

15. The ship's physician diagnosed a left ankle dislocation with deformity, applied a splint and administered morphine for the pain.

16. At all times relevant, the **Carnival Sensation** corridor marble floor, and the adjacent areas, were unreasonably dangerous.

17. This area lacked adequate safety measures and features to prevent Plaintiff's fall.

18. The hazardous conditions were known, or should have known, to Defendant in the exercise of reasonable care.

19. The hazardous conditions existed for a period of time before the incident.

20. These conditions were neither open nor obvious to Plaintiff.

21. Nevertheless, at all times relevant Defendant failed to adequately inspect the area of Plaintiff's incident for dangers.

22. At all times relevant, Defendant failed to eliminate the hazard(s).

23. At all times relevant, Defendant failed to properly maintain the area.

24. At all times relevant, Defendant failed to maintain the floors which made up the area of Plaintiff's incident.

25. At all times relevant, Defendant failed participated in the design and/or approved the design of the corridor and flooring aboard the **Carnival Sensation.**

26. At all times relevant, Defendant failed to properly train and supervise its crew.

27. Furthermore, the lighting was inadequate to enable Plaintiff's to notice any hazards.

## **COUNT ONE – NEGLIGENCE**

Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 27 and further alleges:

28. Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances.

29. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for, and resolve, dangerous, hazardous, and/or risk-creating conditions that passengers, including the Plaintiff, will likely encounter.

30. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

31. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

32. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to have adequate policies and procedures in place for inspection, and maintenance of the walkways inside the **Carnival Sensation;**

   b. Failing to maintain the corridor floor in a reasonably safe condition;

   c. Failing to give proper instructions to the Plaintiff and her family as to how far down the floor had already been mopped and was therefore wet;

   d. Failing to have proper and sufficient signage as to the wet and slippery marble floor;

   e. Failing to adequately dry the wet and slippery marble floor;

   f. Failing to correct the hazardous, dangerous, or risk creating condition prior to Plaintiff's slip and fall;

   g. Failing to adequately warn that the marble floor where the Plaintiff slipped and fell was dangerous;

   h. Failing to have adequate nonslip flooring or less slippery flooring on a ship where it is common for liquids to be on the floor;

   i. Failing to properly train and supervise its crew;

   j. Failing to have proper lighting so that hazards may be adequately noticed;

   k. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence;

    l. Failing to respond adequately to prior similar incidents and take corrective measures;

    m. Through other acts and omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

33. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

34. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

35. As a result of the negligence of Defendant, Plaintiff suffered severe bodily injury resulting in pain and suffering, mental anguish, disfigurement, loss of enjoyment of life, disability, inability to lead a normal life, lost wages in the past, and a loss of her future earning capacity. Furthermore, she incurred medical, hospital and other out of pocket health care expenses as a result of her injuries.

36. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

37. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE,** the Plaintiff, LATOYA LEWIS, demands judgement against the Defendant, CARNIVAL CORPORATION, doing business as CARNIVAL CRUISE LINE, for damages suffered and costs incurred, as well as for damages and costs that Plaintiff will suffer and incur in the future, as a result of Plaintiff's bodily injury, pain and suffering, disability,

disfigurement, scarring, mental anguish, hospitalization, medical care and treatment, nursing care and treatment, lost wages, loss of future earning capacity, loss of important bodily functions, and loss of capacity for the enjoyment of life, for all court costs, pre and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 22nd day of October, 2020.

    Respectfully submitted,

    *s/Martin Genet*

    **MARTIN GENET**

    Florida Bar No. 43960

    mhgenetlawyer@gmail.com

    AND;

    Robert C. Solomon, Esq.

    Florida Bar No. 27054

    solomon@sslegalfirm.com

    Richard Conforti, Esq.

    Florida Bar No. 104730

    conforti@sslegalfirm.com

    Jaimie L. Quinn, Esq.

    Florida Bar No. 105496

    quinn@sslegalfirm.com

    SABAN & SOLOMON, P.A.

    150 N. University Drive, Suite 200

    Plantation, Florida, 33324

    Telephone:     (954) 577-2878

    Facsimile:     (954) 577 – 2215

    **Attorneys for Plaintiff**